**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Case No. 16-20104** |
| **Tahmekah Henson,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Tahmekah Henson's Motion to a Reduce Sentence (Doc. 32). Ms. Henson requests this Court grant compassionate release due to her child's recent placement in foster care.

Once a term of imprisonment is imposed, the sentencing court can only modify the imposed sentence in two situations: 1) upon a motion filed by the Bureau of Prisons on her behalf, or 2) the inmate files their own motion *after* exhausting all administrative procedures within the Bureau of Prisons. 18 U.S.C. § 3582(c) (emphasis added).

Ms. Henson filed this motion on her own. Thus, she must establish that she exhausted her administrative rights with the Bureau of Prisons as required by the statute. The government's supplemental brief includes a memorandum from the Warden, denying her compassionate release request, primarily due to deficiencies in her request to the Warden. The court finds two issues with Ms. Henson's motion.

First, Ms. Henson filed this motion on February 8, 2019. The memorandum from the Bureau of Prisons is dated March 11, 2019. The language of the regulation clearly states Ms. Henson must

exhaust all administrative procedure *before* filing a motion on her own. Ms. Henson filed this motion prior to the decision by the Warden.

Second, this Court does not have the authority to modify her sentence until Ms. Henson shows she has exhausted her administrative remedies within the Bureau of Prisons, or until the Bureau of Prisons files a motion on her behalf. Although Ms. Henson did submit a request to the Warden, it did not comply with the minimum requirements.

Under the Code of Federal Regulations and guidance provided by the Bureau of Prisons, Ms. Henson must submit a written request for compassionate release to the Warden, asking the Warden to file a motion for compassionate release on her behalf. In this request to the Warden, Ms. Henson must meet a number of requirements. *See* 28 C.F.R. § 571.61; FEDERAL BUREAU OF PRISONS, PROGRAM STATEMENT NO. 5050.50, COMPASSIONATE RELEASE/REDUCTION IN SENTENCE: PROCEDURES FOR IMPLEMENTATION OF 18 U.S.C. § 3582 AND 4205(G) (Jan. 17, 2019) (available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf). The memorandum from the Warden specifically notes that many of these requirements are missing, making her request deficient. Before this court has the authority to address the merits of Ms. Henson's request, she must follow the minimum procedures noted above and otherwise complete the administrative process. Until she does so, the court cannot find that she exhausted the administrative procedures.

**IT IS THEREFORE ORDERED** that Ms. Henson's motion (Doc. 32) is DENIED without prejudice.

Dated this 12th day of April, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**